ROBERT M. FERGUSON, *Appellant,* v. SYLVIA C. CLOON, *Appellee.*

No. 17,895.

SYLLABUS BY THE COURT.

1. TITLE—*Acquired. by Purchaser at Foreclosure Sale.* It is a general rule that at a foreclosure sale the purchaser takes the title of all the parties to the action.

2. MORTGAGE FORECLOSURE — *Mortgagee Claiming Reversion — Estoppel.* When one having a reversionary interest in real estate prosecutes a foreclosure action against mortgagors whose interest is subject to that right, without claiming the reversion or referring to it in any manner, and causes the property to be sold, he is estopped from asserting title afterwards under the reversion. The general rule referred to in the first paragraph above applies.

Appeal from Franklin district court. Opinion filed April 12, 1913. Affirmed.

*F. M. Harris,* of Ottawa, for the appellant.

*W. J. Costigan,* of Ottawa, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action in ejectment for the recovery of town lots. The plaintiff conveyed the lots to the trustees of a church as a site for a house of worship. The conveyance was upon a condition expressed in the deed that the lots were to be used for church purposes and in case that use should cease the lots without improvements should revert to the grantor.

The deed was recorded. The proposed building was erected and used for church purposes. The trustees borrowed a sum of money from the plaintiff and gave him a mortgage upon the property as security. The plaintiff was one of the trustees signing the mortgage, which contained no reservation or reference to the reversion referred to but did contain covenants of gen-

eral warranty. This mortgage was foreclosed in a suit by the plaintiff for default in payment, and in pursuance to the judgment the property was purchased at the sheriff's sale by the defendant, to whom a certificate was issued. Before the period of redemption had expired the trustees caused a quitclaim deed to the property to be made to the defendant, who then applied to the court for an order requiring the sheriff to make a deed in lieu of the certificate. At that time the plaintiff had ceased to be a trustee, and a son of the defendant had become one of the board. The plaintiff appeared and contested this motion, but the court, treating the conveyance from the trustees as a waiver of the right of redemption, directed the sheriff to execute a deed, which order was complied with. The consideration paid by the defendant was sufficient to pay the judgment and left a surplus to the trustees.

The deed made by the plaintiff was on record when the foreclosure proceedings were begun. The plaintiff was present at the sale and bid upon the property. No notice was given nor suggestion made that anything less than the fee simple title was being sold and nothing in the pleadings or record indicated that the plaintiff claimed any interest in the property other than as a mortgagee. No other claim was asserted until the application for a sheriff's deed, when the plaintiff objected and set out his interest in the property under the clause in the conveyance to the trustees providing for a reversion. The use of the property for church purposes had ceased before the commencement of this action to enforce the reversion.

The court, after finding the facts of which the foregoing is a summary, held that the plaintiff was estopped from asserting a reversion and that the defendant had acquired all the title and interest of all the parties to the foreclosure. This conclusion is approved. The general rule is that in judicial sales such as the one in question the purchaser obtains the title

of all the parties to the suit, that is, of mortgagee and mortgagor, both being parties. (2 Jones on Mortgages, 4th ed., § 1654; 2 Freeman on Executions, 2d ed., § 335, p. 1127; Wiltsie on Mortgage Foreclosures, § 577; *Young v. Brand,* 15 Neb. 601, 19 N. W. 494; *Hart v. Beardsley,* 67 Neb. 145, 93 N. W. 423; *Watson v. Dundee M. & T. I. Co.,* 12 Ore. 474, 482, 8 Pac. 548; 17 A. & E. Encycl. of L. 1010.)

It is stated in the case last cited that the effect of foreclosure is to transfer to the purchaser the rights of the mortgagee so far as he has any claim or interest in the premises as security for his debt. In this case the mortgagee proceeded precisely as though the mortgagors had the complete title, referring in no way to his own reserved interest. He invoked the aid of the court in collecting his debt by a sale of the property without reservation, and it was so sold in his presence and by his coöperation. Although the purchaser had the constructive notice of the right of reversion afforded by the record of the deed, she also had notice of the foreclosure proceeding indicating a sale without reservation. The right to the reverter did not compel an exercise of that right, and the attempt to exercise it after the sale and payment of full value was too late. It is held that in the situation shown the plaintiff is estopped from asserting the reversion, and that the general rule that the title of all the parties passes by a foreclosure sale was rightfully applied.

The judgment is affirmed.