No. 25,176.

FLORIAN POSS, *Appellee*, v. (REBECCA STEINER et al., Defendants)
CHARLES R. ROGERS, *Appellant*.

SYLLABUS BY THE COURT.

1. QUIETING TITLE—*Right of Action and Defenses—Judgments Res Judicata*.
   Where the court had jurisdiction of all the parties the validity of a judg-
   ment in a foreclosure action, under which land is sold and a sheriff's deed
   is issued, cannot be questioned by any of the parties thereto in a subse-
   quent action by the grantee to quiet title to the land against those parties.

2. LIMITATION OF ACTIONS—*Computation of Period—Recovery for Improve-
   ments*. A lessee with the right to remove improvements, made by him who
   under a writ of assistance is ejected from the land which has been conveyed
   by a sheriff's deed issued in an action to which the lessee was a party, must
   bring his action to recover the value of improvements placed by him on the
   land within two years after his ejectment therefrom or it will be barred by
   the statute of limitations.

Appeal from Trego district court; ISAAC T. PURCELL, judge *pro tem*. Opin-
ion filed June 6, 1925. Affirmed.

*John R. Parsons*, of Wakeeney, for the appellant.

*C. M. Holmquist*, of Hays, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:   The action is one to quiet title.   Judgment was
rendered in favor of the plaintiff; and Charles R. Rogers, one of
the defendants, appeals.

The title of the plaintiff was based on a sheriff's deed issued to
convey the real property in controversy, which had been sold under
an order of sale issued out of the district court of Trego county,
wherein judgment had been rendered in an action in which E. B.
Hopper was plaintiff and Clarence Rogers, H. C. Rogers, C. A.
Rogers, Martha J. Rogers, Charles Rogers (the appellant in the
present action), Albert Rogers and Clint Rogers were defendants.
At the time the land was sold the sheriff held another order of sale
issued out of the district court of Ness county, in an action wherein
C. F. Edwards was plaintiff and Martha J. Rogers was defendant.
The sheriff also held an execution on a judgment rendered in an
action in the district court of Trego county, in which action William
R. Hiatt was plaintiff and Martha J. Rogers and Albert Rogers

were defendants. The sale of the property was confirmed March 20, 1917.

The appellant claims that at the time of the sale he was in possession of the land under a written lease from Martha J. Rogers, the owner·of the land at the time the lease was given. The lease contained the stipulation that "buildings, fencing and other improvements of whatever nature placed or erected on said premises by said party of the second part [Charles R. Rogers] shall be allowed to be removed at the expiration of his lease." The appellant also claims he placed improvements on the land of the value of about $1,000. These matters were pleaded by the appellant in his answer filed in *Hopper v. Rogers et al.* The appellant was not given judgment protecting his rights under the lease; he was ejected from the land by the sheriff under a writ of assistance issued in that action. The sheriff, when ejecting the appellant, told him he might take the improvements away, but they were not removed. Afterward, when he attempted to take them away, the plaintiff in this action refused to permit them to be removed.

1. The appellant contends that there was no valid judgment on which an order of sale could be issued. That claim is based on the following facts: The judgment in the case of *Hopper v. Rogers et al.* was rendered March 23, 1915. It was modified on May 12, 1915, by being set aside and again entered for different amounts. That action was one to foreclose tax liens on the different tracts of land conveyed by the sheriff's deed. The record presented to this court does not sustain that contention. The record discloses that there was a judgment. It may have been irregular and erroneous, and it may be that it could have been reversed had an appeal from it been taken, but it stands in this case as the final adjudication in that action. The present attack on that judgment is a collateral one and cannot be sustained.

2. The appellant claims that he was entitled to the value of the improvements he placed on the land, that judgment should have been rendered in his favor for the value of those improvements, and that the judgment should have been made a lien on the real property. The plaintiff was put into possession of the real property by the sheriff under the writ of assistance in July, 1917. If the appellant had the right to remove the improvements, then was the time for him to act. He was a party to the action in which the writ of assistance was issued. In that action he had presented his

claim for the improvements, and upon failing to obtain judgment therefor, could have appealed to this court.

The present action was commenced March 9, 1922, and the answer of appellant was filed April 8, 1922, almost five years after he was ejected from the land. His claim for the value of the improvements is barred by section 60-306 of the Revised Statutes. That statute, so far as pertinent, reads:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods after the cause of action shall have accrued, and not afterwards:

"*Second.* Within three years: An action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty.

"*Third.* Within two years: . . . An action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property. . . . "

Between the appellant and the plaintiff there is no direct relation; therefore the appellant's action cannot be one on contract. His contract with Martha J. Rogers, the original owner of the land, provided that he might remove the improvements he had placed on the land. The rights of Martha J. Rogers and of the appellant were foreclosed in the action in which the writ of assistance was issued. It was a tax lien that was foreclosed; the land and the improvements thereon were subject to taxation; they were sold for taxes; the sheriff's deed was issued under that sale; and the appellant's rights to the improvements were conveyed by the sheriff's deed. The second subdivision of section 60-306 of the Revised Statutes does not apply.

To avoid the statute of limitation, the appellant cites *Muckenthaler v. Noller*, 104 Kan. 551, 180 Pac. 453, where this court said:

"Statutes of limitations are not applicable to mere defenses." (Syl. ¶ 3.)

The trouble with the argument of the appellant is that his right to recover for improvements is not a defense. It is a cause of action, and the statute of limitations does apply.

The appellant set up his claim for improvements in the foreclosure action. He was not given judgment therefor. If the judgment was not right he had the right to an appeal. He did not take it. He is concluded by it.

The judgment is affirmed.