No. 33,873

G. A. EDMINSTER, *Appellant,* v. R. H. YOUNG et al., *Appellees.*

(81 P. 2d 33)

Opinion filed July 9, 1938.

*William J. Wertz, Vincent F. Hiebsch, Forest C. McCalley* and *Harold H. Malone,* all of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris, John F. Eberhardt,* all of Wichita, *Albert Faulconer, Kirke W. Dale, C. L. Swarts, Donald Hickman,* all of Arkansas City, and *John Bradley,* of Wellington, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action to determine the rights of the plaintiff, G. A. Edminster, to an interest in and to oil and gas in

place and to oil and gas which had been produced from that land in Sumner county by the defendant, R. H. Young, a purchaser at a mortgage-foreclosure sale, and by his successors in title. While this case and the case of *Malone v. Young,* ante, p. 250, 81 P. 2d 23, were not consolidated for trial below nor for argument in this court, they grew out of the same general facts and transactions. Edminster, in this action, claims as a cotenant of the defendant, R. H. Young, just as did the plaintiff Malone, in his case. The summary of the petition contained in the opinion in the Malone case narrates the series of conveyances on which plaintiff predicates his equitable title against the same defendants in the instant case. It should be added here, however, that the plaintiff, Edminster, obtained his mineral deed from the defendants, the Erkers, on December 28, 1929, and that the terms of his mineral deed are in substance the same as those contained in Malone's deed, marked exhibit "A," in the Malone case. In the instant case it does not appear, however, that the plaintiff predicated his action on alleged fraud. He brings his action for the recovery of an interest in the oil and gas in place and for the oil and gas produced under the provisions of G. S. 1935, 60-2001. The theory on which he relies is that Young purchased in the fiduciary relationship of a cotenant at sheriff's sale and that he (Edminster) is therefore entitled to have the benefit of the purchase inure to him. The pertinent portion of G. S. 1935, 60-2001, provides:

"If his claim is based upon an equitable title, he shall state the facts upon which his title is based in his petition."

Edminster has related the same general facts contained in the petition of Malone as to the derivation of his alleged title, except as to the date of his royalty deed, and we need therefore not review those facts in this case. His petition also asked for conditional relief against the Kanotex Refining Company, as follows:

"This plaintiff further alleges that the Kanotex Oil and Refining Company purchased the oil produced from said land above described with full knowledge of the plaintiff's right *and if any amount has been paid out to other parties which belonged to this plaintiff, and which by reason of an accounting is found to be the property of this plaintiff, then the said the Kanotex Refining Company should reimburse this plaintiff for the amount so wrongfully paid out.*" (Italics inserted.)

The defendants, R. H. Young, George Young, Verna Young, E. B. Shawver, Stella Shawver, the Stelbar Oil Corporation, and the

Kanotex Refining Company, all lodged demurrers against plaintiff's petition, which demurrers were substantially the same, and were as follows:

"First, for the reason that there was another case pending between the same parties for the same cause, being case No. 17,270, in the district court of Sumner county, Kansas, at the time of the filing of said petition in the above-entitled action;

"Second, for the reason that said petition fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against these defendants."

Case No. 17,270, referred to in the first paragraph of the demurrers, was the Malone case, *supra,* in which this plaintiff, Edminster, was a party defendant and in which he personally appeared.

Did the petition state a cause of action for equitable relief? Did plaintiff act with greater promptness than his cotenants, Malone and Sanderson, in the Malone case, *supra,* so as to compel a contrary ruling in the instant case? Clearly he did not. What was said in the Malone case as to his and Sanderson's delay in asserting their claims applies with even greater force to this plaintiff. He made no move to contribute to the purchase price and to thus protect his interest until November 30, 1937. Moreover, he had foreclosed his second mortgage against the Erkers in a judgment rendered July 27, 1931. In that foreclosure action he asked that the right, title, estate or interest of Young and those of all other defendants be barred, except as to the right of redemption. Those defendants and each of them were barred in that judgment, and again in the judgment of confirmation, from asserting any further right, title, interest or equity in and to the property. Even though in that action the period of redemption was extended so as to cover a period of approximately two and one half years instead of eighteen months, this plaintiff did not offer to redeem. In his petition for foreclosure he did not mention his mineral rights. He asked for no reservation of those rights in the judgment. No rights were reserved in the judgment. He later released his judgment upon a cash settlement with the Erkers. G. S. 1935, 60-3465, provides:

"That every deed for any lands or tenements heretofore or hereafter made and executed by any sheriff or other officer, purporting to have been made under or in pursuance of any execution, process or judgment of any court of record in this state, shall be sufficient evidence of the legality of the sale and the proceedings therein until the contrary be proved, *and shall vest in the purchaser as good and perfect an estate in the premises therein mentioned as was vested in the person or persons against whom the execution, writ or*

*order was issued at or after the time when such lands and tenements became
liable to the satisfaction of the judgment or lien for which the same was sold."*
(Italics inserted.)

The purchaser Young bought at sheriff's sale this plaintiff's inter-
est in the oil and gas rights in accordance with plaintiff's own
prayer in the foreclosure action. The sale so made to Young was
confirmed as being in all respects in conformity with law and equity.
Concerning that confirmation plaintiff made no complaint. In the
case of *Cabeen v. Whalen,* 120 Kan. 492, 243 Pac. 1021, it was said:

"The purchaser at the judicial sale acquired not only the title and interests
held by the mortgagor, but also all interest held by the parties to the action.
Whalen brought the action and set up his mortgage asking for a foreclosure
and sale of the property, but made no mention of any reservation of mineral
rights. He invoked the aid of the court in procuring a sale of the property,
and on his own motion a judgment was rendered foreclosing his mortgage and
adjudging that the rights and equities of the parties plaintiff and defendant
should be barred. He did not complain of the judgment rendered nor ask to
have his oil interest excepted from it. On the other hand, he procured an order
of sale to be issued, which purported to cover every interest except the first
mortgage of $1,000, and under that order the property was sold. On his
motion the sale was confirmed and a deed executed, and out of the proceeds of
the sale he received the full amount of the indebtedness secured by the
mortgage. It is clear that he is not in a position to claim an interest not
reserved in the judgment or at the judicial sale. The general rule is that in
a judicial sale of property the deed conveys all the title and rights of the
parties to the action, and also of all persons who have derived their interest
from such parties during the pendency of the suit. (35 C. J. 73.) In the
recent case of *Poss v. Steiner,* 118 Kan. 595, 236 Pac. 640, it was decided:

" 'Where the court had jurisdiction of all the parties the validity of a
judgment in a foreclosure action, under which land is sold and a sheriff's
deed is issued, cannot be questioned by any of the parties thereto in a sub-
sequent action by the grantee to quiet title of the land against those parties.' "
(p. 494.)

In the same opinion it was further stated:

"The rule of *caveat emptor* is invoked by Whalen on the ground that his oil
lease had been made a matter of record and therefore the purchaser had
constructive notice of it and could take no more than the interest of the
mortgagor. The same contention was made in the Ferguson case, where the
deed containing the provision for a reversion upon express conditions had been
recorded. Because of this record it was insisted that the purchaser had con-
structive notice of the reserved interest and took the property subject to it.
The court rejected this contention and held that the mortgagee, having
presented the case without reference to any reservation, and having coöperated
in procuring a judicial sale, as if all the interests were to be conveyed, was
barred from asserting an interest under the reversion. It was held that it

was optional with him whether he would exercise his right of reversion, and that even if the purchaser had actual notice of the interest, the plaintiff not having exercised the option by proceeding as if the mortgagor had the complete title, he could not exercise it after a judicial sale and the payment of the mortgage debt. So here, the purchaser, although he had constructive notice of the oil lease, had notice of other facts which had intervened; that is, he had notice from Whalen's petition that no reservation was alleged and that no outstanding interest was claimed by him, and he also had notice through the decree that Whalen and all of the parties to the action had been barred from claiming any interest or equities." (p. 495.)

Having foreclosed Young's interest in the mortgage-foreclosure sale, as well as having cut off his own mineral rights, how can he now claim the relation of cotenant again came into being, as between himself and Young, when Young purchased the title free from his (Edminster's) interest? Even on his own theory, however, that the cotenancy continued to exist after the sheriff's sale to Young, Edminster waited until November 30, 1937, to assert his alleged interest. That was over six years from the date of Young's purchase. It is needless to again review the enormous appreciation in the value of the property during the long period of speculative delay, which was fully discussed in the Malone case. The trial court was abundantly justified in holding that the facts pleaded on which plaintiff rested his equitable claim did not entitle him to the relief sought.

We have also carefully examined the contentions of the respective parties relative to the plea in abatement of the Kanotex Refining Company and are satisfied with the ruling. In view of the fact, however, that plaintiff is not entitled to a decree granting him any interest in the property of R. H. Young or Young's successors in title, it is, of course, unnecessary to discuss the question of his right to an accounting and a reimbursement from the Kanotex Refining Company which purchased the oil. The demurrers of the respective defendants were properly sustained, and those rulings are hereby affirmed.