SKELLY OIL CO. v. BUTNER.

No. 33360. March 15, 1949.
Rehearing Denied April 26, 1949.
Application for Leave to File Second Petition for Rehearing Denied May 17, 1949.

*205 P. 2d 1153.*

W. P. Z. German, W. P. Z. German, Jr., and Ernest V. Potter, all of Tulsa (Hawley C. Kerr, of Tulsa, of counsel), for plaintiff in error.

Roff & Roberts and W. M. Haulsee, all of Wewoka, for defendant in error.

GIBSON, J. The issue herein is which of two oil and gas mining leases covering the same premises is valid, and the question presented is one of law.

Herein the parties will be referred to as they appeared in the trial court— plaintiff in error, Skelly Oil Company, as defendant, and defendant in error, J. D. Butner, as plaintiff.

One J. L. Davis, then owner in fee of the entire estate in the northeast quarter of northeast quarter of section 11, township 6 north, range 8 east, Hughes county, Oklahoma, subject to an outstanding oil and gas mining lease, joined by his wife as co-grantor, executed an instrument in writing, the effect of which was to convey and set over to A. J. Bryant, as grantee, an undivided one-half interest in the mineral estate in said lands or a like interest in the royalties to accrue from the entire mineral estate, according to which of the two constructions is correct. By the terms thereof it was expressly provided that the grantee was to be without right to receive any rentals on existing lease or right to receive bonus or rentals on new leases thereon; that the grantors are to receive the rentals under existing leases and bonus and rentals on leases thereafter executed concerning the premises, "for it is expressly covenanted and agreed between the parties hereto that said grantors or their heirs or assigns shall have the exclusive right at all times to execute leases without the consent of the grantee herein."

Thereafter, under date of September 12, 1941, the said Davis and wife conveyed said lands to one G. A. Cornelius. The conveyance (omitting acknowledgment) is as follows:

"This Indenture, Made this 12th day of September, a. d., 1941, between J. L. Davis and T. A. Davis, his wife, of Hughes County, in the State of Oklahoma, party of the first part, and G. A. Cornelius, party of the second part.

"Witnesseth: That in consideration of the sum of Two Hundred Sixty and no/100 Dollars, the receipt of which is hereby acknowledged, said parties of the first part do, by these presents, grant, bargain, sell and convey unto said party of the second part, his heirs and assigns, all of the following described real estate, situated in the

County of Hughes, State of Oklahoma, to-wit:

"The Northeast Quarter of the Northeast Quarter of Section Eleven (11), Township Six (6) North, Range Eight (8) East,

"($1.10 Revenue Cancelled.)

"To Have And To Hold The Same, together with all and singular the tenements, heredetaments, and appurtenances thereto belonging or in anywise appertaining forever.

"And said J. L. Davis, and T. A. Davis, his wife, their heirs, executors or administrators do hereby covenant, promise and agree to and with said party of the second part, at the delivery of these presents that they are lawfully seized in their own right of an absolute and indefeasible estate of inheritance in fee simple, of and in all and singular the above granted and described premises, with the appurtenances; that the same are free, clear, and discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and incumbrances of whatever nature and kind Except a mortgage to W. T. Anglin and Alfred Stevenson, in the sum of $600.00 principal and $40.00 Interest, which is assumed by G. A. Cornelius, party of the second part, and which he agrees to pay, and that they will Warrant and Forever Defend the same unto said party of the second part, his heirs and assigns, against said party of the first part, their heirs or assigns, and all and every person or persons whomsoever, lawfully claiming or to claim the same.

"In witness whereof, the said parties of the first part have hereunto set their hand the day and year first above written.
"J. L. Davis,
"T. A. Daivs (Her x Mark)."

On December 16, 1942, said G. A. Cornelius by deed of like tenor conveyed the lands to W. W. Swindell and Vivian M. Swindell.

On January 8, 1947, W. W. Swindell and Vivian M. Swindell, as lessors, executed an oil and gas mining lease upon the premises to E. R. Perkins, as lessee, who, on January 20, 1947, assigned same to Skelly Oil Company, defendant herein.

On April 11, 1947, said Davis and wife, as lessors, executed an oil and gas lease upon the premises to J. D. Butner, plaintiff herein.

The conflict between these leases gives rise to the controversy.

In his petition plaintiff prays a decree establishing the validity of the Davis lease, by him held, and canceling the Swindell lease, held by defendant, as a cloud thereon. Defendant by its answer and cross-petition takes issue with plaintiff's claim, alleges the validity of the lease held by its as assignee, and prays a decree so declaring and cancelling the lease of plaintiff as a cloud thereon.

The several instruments mentioned were made exhibits to the pleadings. And without the introduction of evidence the plaintiff and defendant, each, moved for judgment on the pleadings. Judgment was for plaintiff, and defendant appeals.

In support of the judgment plaintiff contends: (1) that the effect of the conveyance from Davis to Bryant was to convey an interest in the mineral estate in the lands and reserve to Davis the exclusive right to lease the estate conveyed; and (2) that the right so reserved was a power in trust, personal to Davis, and therefore did not pass under the deed to Cornelius.

Defendant contends: (1) that the interest conveyed to Bryant was only an interest in the royalties to accrue from the mineral estate; (2) that the right to lease that was reserved was not a power in trust but a right that inhered in the estate not conveyed and therefore passed with the conveyance to Cornelius; and (3) that the effect of the deed from Davis to Cornelius was to vest in the latter any right of Davis to lease regardless of its nature.

Being of the opinion that the effect of the deed from Davis to Cornelius,

alone, is sufficient under the circumstances to preclude any rightful claim of Davis to execute the lease made to the plaintiff, we deem it unnecessary to consider the respective contentions concerning the rights granted in the deed to Bryant.

The deed to Cornelius purports to convey without qualification the entire estate in the premises. The effect thereof under the law (Tit. 16 O. S. 1941 §14) was to include "every right of whatever character pertaining to the premises described." And the same is equally true of any such rights subsequently accruing to the grantor (Tit. 16 O. S. 1941 §17). By reason of the warranty in the deed the grantor is deemed in law (Tit. 16 O. S. 1941 §19) to be obligated not only to recognize the existence of such rights in the grantee but to defend the same as such.

In view of such construction of the deed, made mandatory by statute, it follows that, by force thereof, any right to lease existing in Davis necessarily passed under the deed to Cornelius, unless it can be said, as contended, that the right to lease reserved in the Bryant deed was severed from the estate of the grantor in the land and non-assignable. As supporting such contention reliance is placed upon the holding in Howard v. Dillard, 198 Okla. 116, 176 P. 2d 500, as declaring that the right so reserved is a power in trust. The holding there was not predicated upon the theory that the reservation of the right to lease the interest granted was of itself a power in trust and the case is not authority therefor. It was thought there that the reservation reflected merely a power personal to grantor concerning rights that were incident to the estate granted and thus negativing the existence in the grantor of any assignable right in the power.

In the instant case the right to lease did not pass to Bryant as an incident of the estate granted and subject to a reserved power thereover. The right as such was expressly reserved to the grantor and his assigns. These facts not only negative the idea of the existence in Davis of a mere power, but affirmatively show that he remained vested with the right to lease and that such right was assignable. That the deed to Cornelius was effective to pass such right is beyond question. Such being true, it follows that the lease executed by Davis to the plaintiff is invalid and of no force or effect, and it was error of the court not to so hold.

Though neither pleaded nor urged in the argument, the factual situation shows that the plaintiff was estopped by deed and the force of the law in such situation must be recognized. Where the facts giving rise to the estoppel appear upon the face of the pleadings no plea of estoppel is necessary to make it available where the sufficiency of the pleadings is raised by demurrer or motion for judgment on the pleadings (21 C. J. p. 1245, §254, and 49 C. J. p. 668, §946).

Plaintiff's claim of right to lease the premises or any part thereof is necessarily in derogation of the deed. And the effect of giving validity to the lease would be to defeat in part the title of grantees, immediate and remote, and the latter's lessee, who have changed their position in reliance thereon. It is a rule of general recognition that in such situation the grantor will be estopped so to do. The rule is stated in 21 C. J. p. 1067, §26, as follows:

"A person who assumes to convey an estate by deed is estopped, as against the grantee, to assert anything in derogation of the deed. He will not be heard, for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title, or that none passed by the deed, nor can he deny to the deed its full operation and effect as a conveyance."

The doctrine is recognized in Weaver v. Drake, 79 Okla. 277, 193 P. 45.

The judgment is reversed and the cause remanded, with instructions to sustain the motion of defendant for judgment on the pleadings.

ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.