Ira W. SCHNELLE and Josephine C. Schnelle, Plaintiffs in Error,

v.

J. R. McCLURE, Defendant in Error.

No. 38170.

Supreme Court of Oklahoma.

Oct. 7, 1958.

V. E. Stinchcomb, Oklahoma City, for plaintiffs in error.

Sparks & Boatman, Woodward, for defendant in error.

PER CURIAM.

This action was initiated by the plaintiffs in error upon a petition in which they alleged that in 1934 they were the owners of certain specifically described property; that "said plaintiffs executed to the defendant herein a warranty deed, a copy of which is hereto attached, marked Exhibit 'A', to the land above described"; that they are the owners of one-half of the minerals to which the defendant is making some claim, the exact nature of which is unknown. The deed attached to the petition is a general warranty deed which, in the granting clause as a separate paragraph following the description of the property, contains the following:

"Excepting all oil, gas, mineral and royalty interests heretofore transferred to other parties, as shown by the records in the office of the county clerk of Ellis County, Oklahoma."

The warranty clause of this instrument excepted only "all mortgages and liens now of record * * *, and the taxes for the year 1940". By leave of the court the plaintiffs subsequently amended the petition and alleged that this deed "excepted from its provisions mineral conveyances theretofore transferred"; that among those previously transferred was a term mineral estate of twenty years; that the remainder created by that grant was owned by plaintiffs; and that it was not the intent of the parties to pass that interest by the conveyance to defendant. Defendant's demurrer to the amended petition was sustained; and, upon plaintiffs' election to stand on this petition, judgment was entered against them from which they have appealed.

In the situation presented, the language of the deed between these parties of course controls over the allegations of the petition insofar as they are inconsistent. Hostutler v. State ex rel. Commissioners of Land Office, Okl., 302 P.2d 983. Plaintiffs must prevail upon the language of the deed executed by them unless the language of that conveyance is ambiguous. This deed is not ambiguous. It is a general warranty deed which conveys all the interest of plaintiffs in the described property. The plain language of the grant does not purport to create a reservation of any interest in plaintiffs. Instead, it excepts from the grant that which plaintiffs obviously did not own, that is, that which they had theretofore conveyed to other persons. Cutright v. Richey, 208 Okl. 413, 257 P.2d 286.

The deed pleaded in this action presents the same basic problem and is quite similar to that in Whitman v. Harrison, Okl., 327 P.2d 680, 682. Our conclusion in that case must be our conclusion in this one too. In that opinion we stated that "there must be, somewhere in the deed, appropriate language expressly reserving some interest in and to the grantor, or the grantor's entire interest passes by a warranty deed to real estate". After noting and discussing the authorities for that statement, we concluded with a comment equally appropriate to the deed now in question:

"There were no apt words used in this deed which would indicate there was any intent on the part of grantor to reserve or take back unto herself any interest in said property."

See too Kassner v. Alexander Drug Co., 194 Okl. 36, 147 P.2d 979. Affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.