**D. H. STONE, Richard D. Stone, H. M. McMillan, H. B. Fell, George S. Fell and Lillian W. Simpson, Plaintiffs in Error,**

v.

**TEXOMA PRODUCTION COMPANY, a Corporation, Defendant in Error.**

**No. 37961.**

Supreme Court of Oklahoma.

March 17, 1959.

**1100** ▮ ▮

▮ ▮
▮

Geo. N. Otey, Otey, Johnson & Evans, Ardmore, Richard D. Stone, Waurika, for plaintiffs in error.

Sparks & Boatman, Woodward, for defendant in error

WELCH, Justice.

This action was filed by plaintiff, Texoma Production Company, a corporation, against D. H. Stone and other defendants, for the purpose of establishing the validity of oil and gas leases executed in favor of plaintiff by owners of the surface, and an undivided interest in minerals of a certain tract of land in Woods County, Oklahoma. Judgment was rendered by the trial court in favor of plaintiff, and defendants appeal.

One James M. Hale, who was the owner of the entire tract of land in question, on August 6, 1929, executed a mineral deed in favor of one T. H. Matkin conveying an undivided one-fourth interest in the mineral rights under all of the tract, reserving for himself and for his heirs, executors, administrators and assigns, the exclusive right to lease the said lands for oil and gas mining purposes. On November 22, 1929, Hale executed another mineral deed in favor of Lowry Royalty Corporation, conveying an undivided one-fourth interest in the oil and gas and other minerals in and under a certain portion of said tract of land, including in this mineral deed the same reservation as in the Matkin deed. These interests were conveyed down to and appeared of record in the names of the defendants herein at the time of the filing of this action.

Through the grantor Hale and his heirs the tract of land involved in this action descended to John R. Kelln and others, all of whom prior to this action had executed oil and gas leases in favor of the plaintiff. All of said leases expressly provided that the landowners in executing the respective leases were expressly exercising the exclusive right to lease said land for oil and gas purposes as was provided in the mineral deeds theretofore executed by Hale. This naturally included in the lease all mineral interest, including that of the defendants.

It is contended by the defendants that the lease held by the plaintiff is invalid as to the mineral interests held by them, and that the trial court was in error in not so holding.

The argument presented by the defendants is that the right to lease which was reserved in the mineral deeds executed by Hale to their predecessors in title was a personal right vested in Hale, and that same had terminated upon his death; that this was not a power coupled with an interest, but that said reservation created an agency and principal relationship which terminated upon the death of either party, and have cited numerous authorities in support of this argument, all of which deal with the rights of a principal and agent with relation to such agency being coupled with an interest under contracts of various types. We cannot agree that these cases are either applicable or enlightening upon the question here presented.

Defendants also call our attention to the case of Howard v. Dillard, 198 Okl. 116, 176 P.2d 500, wherein the grantor in a mineral deed retained management and control of the minerals with exclusive right in himself to lease said lands to whom he may choose upon the terms and conditions suitable to him. The court held that this was a personal right and same came to an end upon his death, since he had not exercised said right.

In the more recent case of Skelly Oil Co. v. Butner, 201 Okl. 372, 205 P.2d 1153, 1155, this court in referring to the Howard v. Dillard case, supra, said:

" * * * The holding there was not predicated upon the theory that the reservation of the right to lease the interest granted was of itself a power in trust and the case is not authority therefor. It was thought there that the reservation reflected merely a power personal to grantor concerning rights

that were incident to the estate granted and thus negativing the existence in the grantor of any assignable right in the power."

We have a different situation here from the one presented in Howard v. Dillard. In the instant case the right to lease did not pass to the defendant's predecessors in title as an incident of the estate granted and subject to a retained power of management thereover. The right was expressly reserved to the grantor, his heirs, executors, administrators and assigns as an exclusive right and a proper subject of ownership. An examination of the mineral deeds executed by Hale affirmatively show that he clearly expressed his intentions to remain vested with the right to lease, and that he intended for this right to constitute a subject of ownership with a power of assignment. Upon his death the right to lease descended to his heirs and they become vested with a right to assign.

We have held that the right to go upon land to prospect for and take oil and gas is a proper subject of ownership which may be granted or reserved. Burns v. Bastien, 174 Okl. 40, 50 P.2d 377, and Ramey v. Stephney, 70 Okl. 87, 173 P. 72.

Upon examination of mineral deed set forth at page 7 of defendant's brief we note that paragraph two of said deed states:

"It is the intention of the parties that this instrument convey the one-fourth part of all of the royalty interest in the oil, gas and other minerals in and under the above described lands; said lands now being subject to an oil and gas mining lease by the terms of which one-eighth of the total production is reserved to the lessors as royalty; this conveyance being equivalent to one-thirty-second ($\frac{1}{32}$) of the total production."

In another paragraph of said deed it is provided that grantee shall have one-fourth of all future delay rentals and in event of a new lease then one-fourth of the lease interests.

In the case of Elliott v. Berry, 206 Okl. 594, 245 P.2d 726, 727, we held:

"The term 'royalty' is construed in the broad sense of denoting mineral rights when there is no oil and gas lease upon the property but is construed in the restricted sense of denoting an interest in the production when the property is under lease for oil and gas."

Therefore in applying the above rule to the instant case, together with the express terms set forth in the mineral deed, there is no possible way said instrument could be construed that it was the intent of the parties for the grantees to ever become vested with the right to lease under the terms of said conveyance.

In the case of Skelly Oil Co. v. Butner, supra, this court had before it a reservation clause of very similar wording as in the instant case, and we held that the right to lease was reserved in the grantor subject to assignment.

An additional question is mentioned in defendant's brief. It is not of primary importance in determining the case, merely of incidental interest in view of our conclusions heretofore stated. However, it pertains to matters which the trial court found not presented by the pleadings, and for that reason objection was sustained to presentation in the trial court. Since such matters are presented for the first time here and were not raised in the trial court by the pleadings, they will not be considered. Secrest v. Williams, 185 Okl. 449, 94 P.2d 252.

The judgment appealed from is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and BLACKBIRD, JACKSON, IRWIN, and BERRY, JJ., concur.