Grace L. WARD, Lacey Ward, also known as Lacy Ward, and J. Harold Land, and the heirs, unknown heirs, executors, administrators, devisees, trustees and assigns immediate and remote, of William D. Ward, also known as W. D. Ward, deceased, Plaintiffs in Error,

v.

Earl E. AYRES and Sylvia G. Ayres, Defendants in Error.

No. 39957.

Supreme Court of Oklahoma.

Dec. 4, 1962.

J. Harold Land, Oklahoma City, for plaintiffs in error.

J. E. Bullard, Tishomingo, for defendants in error.

JOHNSON, Justice.

The parties appear in this court in the opposite relative positions as in the trial court. On May 11, 1959, the plaintiffs, Earl E. Ayres and Sylvia G. Ayres, (defendants in error) filed their action in the District Court of Atoka County seeking to quiet title to lands in Atoka County and to cancel an oil and gas lease thereon.

The petition alleges that prior to May 17, 1921, William D. Ward (one and the same person as W. D. Ward) was the owner of 401.92 acres; that on said date he and his wife conveyed said land to J. T. Amason reserving to himself an undivided ⅔ interest in the minerals. Subsequent to the acquirement of title, Amason executed three mortgages upon such property; first, to Commerce Trust Company and later assigned to United Life and Accident Company; second, to Commerce Trust Company; and, third, to William D. Ward, the grantor of such tract.

On July 20, 1923, Commerce Trust Company filed action No. 3012 in the District Court of Atoka County to foreclose its second mortgage and to sell the property subject to the first mortgage. W. D. Ward was made a party defendant, and the following allegation was made as to him:

"* * * That the defendants W. D. Ward, Andrews & Derryberry, a firm, and Cochran Grocer Company, a corporation, claim or assert some right, title, interest or estate in and to said lands and premises, the exact nature of which is to the plaintiff un-

known, but plaintiff says that whatever interest is claimed by either of said defendants that the same is junior subsequent and inferior to the mortgage of this plaintiff."

W. D. Ward was personally served with process and filed his answer and cross-petition seeking foreclosure of his third mortgage.

It appears that none of the mortgages or pleadings in such case at any stage mentioned the mineral reservation which W. D. Ward had made in his deed to Amason. Both the plaintiff, Commerce Trust Company, and defendant Ward as cross-petitioner, invoked the jurisdiction and authority of the trial court to order sale of the complete fee simple title in and to the real estate to satisfy plaintiff's second mortgage and Ward's third mortgage, and in the judgment of the court the fee simple title was ordered sold to satisfy both mortgages.

The petition alleges that after the expiration of the necessary time, the entire fee simple estate in and to said lands was sold, confirmed and a sheriff's deed executed and delivered to the purchaser, Commerce Trust Company, covering the entire fee simple estate.

By subsequent conveyances the plaintiffs, Earl E. Ayres and Sylvia G. Ayres, succeeded to the title of the Commerce Trust Company.

It is sought to quiet title against the claims of the defendants to the ⅔ mineral interest reserved by W. D. Ward.

The answer of the heirs of the grantor W. D. Ward contained a general denial, alleged the death of William D. Ward, a conveyance of a partial interest in the minerals to J. Harold Land, and a claim of title to the minerals under the original reservation of William D. Ward. Such answer and cross-petition sought the quieting of title to the mineral interest. To this answer and cross-petition, plaintiffs demurred on the grounds that such pleading stated no defense, and on the additional ground of the statute of limitations.

The trial court sustained such demurrer, entered judgment for the plaintiffs quieting title, and this appeal follows.

The defendants below, plaintiffs in error here, submit three propositions:

1. Ward's title to the ⅔ mineral interest was not divested in the foreclosure proceeding in case No. 3012.

2. Plaintiffs are not bona fide purchasers.

3. No statute of limitations operates to bar defendants.

The first contention, supra, is asserted in the following language in the brief of plaintiffs in error: " * * * the judgment of the trial court in the mortgage foreclosure case through which plaintiffs claim title being cause No. 3012 in the District Court of Atoka County Oklahoma, is wholly void insofar as it relates to them and that it did not and does not operate to divest them of their title to an undivided two-thirds interest in the oil, gas and other minerals under said land, and it did not and does not operate to vest title to the same in the plaintiffs."

Counsel asserts that a void judgment may be attacked collaterally or otherwise at any time. With this we agree. But was this judgment void? The cases cited by counsel to support his position are cases where the court was either without jurisdiction of the parties or subject matter or some order entered without the power of the court to enter such an order. This is not such a case. Here the court had jurisdiction of the land, it being in the county where the court was. It had jurisdiction over Ward, personal service of summons having been served upon him.

We cannot agree with the statement of counsel that there was anything on the face of the record disclosing the invalidity of the judgment. In other words, counsel contends that because the judgment may have been erroneous, it is void. The distinction between error and power is not recognized.

In the case of Woodrow v. Ewing, Okl., 263 P.2d 167, this court quoted with approval from Freeman on Judgments (5th Ed.) Vol. 1, 743 and 744:

" ' * * * If the court in rendering the judgment stays within the powers conferred upon it by law and does not transcend the jurisdiction it has acquired in the particular case, its decision, however erroneous, is at most voidable and not for that reason subject to challenge in an independent proceeding.

\* \* \* \* \* \*

" ' To say that a court is divested of its jurisdiction to decide matters properly brought before it, by deciding them erroneously, is to deny it the very power it is called upon to exercise.

" ' * * * Obviously the power to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct, until set aside or corrected in a manner provided by law.' "

In this case, it could not be said that there was even an erroneous decision because the interest now sought to be recovered was not claimed by Ward.

It is endeavored to attack this judgment as void under the authority of State ex rel. Commissioners of Land Office v. Reynolds, 201 Okl. 400, 206 P.2d 184, and State ex rel. Commissioners of Land Office v. Brinkman, 202 Okl. 225, 211 P.2d 801. There is, however, a material distinction between those cases and the one at bar.

The petitions in those cases were held insufficient to sustain *default* judgments. Such is not the case here. This defendant, Ward, was personally served with summons, as distinguished from publication service in the two cases mentioned. In those cases the defendants knew nothing about the pendency of the actions; hence they did not appear in the cases. Here the defendant, Ward, appeared and set up his mortgage and secured a judgment foreclosing it, and during the balance of his life, as far as this record dis-

closes, never made any objection to the judgment and sheriff's deed conveying all the minerals as well as the surface. The petition for foreclosure called upon Ward to set up his interest, and he did this very thing. We are of the opinion that he and his heirs are not only estopped to question the judgment but are also precluded by the doctrine of res adjudicata. The Reynolds and Brinkman cases, supra, have no application to situations where the defendant appears in the action and asserts his claimed interest.

While we do not think it necessary to cite other than Oklahoma opinions to sustain our conclusions, we are particularly impressed with the Kansas case of Cabeen v. Whalen, 120 Kan. 492, 243 P. 1021, wherein the syllabus reads:

"In a judicial sale of land, made in pursuance of a decree of foreclosure, wherein all of the parties to the action were barred from claiming any rights or equities in the property, the deed to the purchaser conveys, not only all the title and interest held by the mortgagor, but all of those held by the plaintiff mortgagee.

"An assignment of mineral rights in the land, made by the mortgagor to the mortgagee, was duly recorded prior to the commencement of the foreclosure proceeding. In the petition of the mortgagee no mention was made of the assignment, nor was it excepted from the operation of the judgment which barred the parties to the action of any interest or equity in the property. Held, that the mortgagee having cooperated in procuring the decree of foreclosure and sale, he is thereafter precluded from asserting any rights or interest under the assignment, and, notwithstanding that the purchaser had constructive notice of its existence, he acquired by the sale and deed all interest held by the mortgagee in the land."

If the defendant, Ward, failed to assert his entire interest, the judgment is none the less binding upon him and those in privity with him. In the case of Covington v. Anthony, 191 Okl. 266, 128 P.2d 1012, the first paragraph of the syllabus by the court reads:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all the matters litigated and determined in the former action, but also as to all matters germane to issues which could or might have been litigated therein."

See also Factor Oil Co. v. Brydia, 184 Okl. 113, 85 P.2d 311, and Davison v. Mutual Savings and Loan Ass'n, 181 Okl. 295, 73 P.2d 455.

Ward prayed for and received a judgment of foreclosure of his mortgage under which the land was sold and thereby received the benefit of the judgment. In the case of Turner v. Kirkwood, 168 Okl. 80, 31 P.2d 935, the fourth paragraph of the syllabus by the court reads:

"A party to a judgment who accepts the benefits thereof for a period of more than thirty years is estopped in equity to question the validity thereof on the ground of want of jurisdiction of the court to render the same."

Again, this court has held that where facts giving rise to estoppel appear upon the face of the pleadings such estoppel may be raised by demurrer. See Skelly Oil Co. v. Butner, 201 Okl. 372, 205 P.2d 1153, wherein it is said:

"Estoppel by deed need not be plead where the facts giving rise thereto appear upon the face of the pleadings, and may be raised by demurrer or motion for judgment on the pleadings."

Having determined that the judgment in case No. 3012 is binding upon the suc-

cessors in interest of Ward, it is unnecessary to pass upon the remaining propositions submitted by plaintiffs in error.

Judgment affirmed.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY and JACKSON, JJ., concur.

IRWIN, J., concurs in result.

BLACKBIRD, V. C. J., and BERRY, J., dissent.