Clyde. Eugene CROSSWHITE and Violet
M. Crosswhite, Husband and Wife,
Appellees,

v.

Glenn Eli McCULLY, a/k/a Glenn E.
McCully, a/k/a Glen Eli McCully,
a/k/a Glen E. McCully, the Unknown
Successors of Glenn Eli McCully, a/k/a
Glenn E. McCully, a/k/a Glen Eli
McCully, a/k/a Glen E. McCully, Rob-
ert A. Korstjens and Barbara A. Kor-
stjens, Defendants,

and

Randy, Inc., Paul R. Gray and
Eric S. Gray, Appellants.

No. 78135.

Court of Appeals of Oklahoma,
Division No. 3.

June 29, 1993.

Alvin R. Wright, Eric S. Gray, Gregory
F. Pilcher, Roberts, Gray, Goreson & Mor-
iarty, Oklahoma City, for appellants.

C. Everett Murphy, C. Everett Murphy
Law Office, P.C., Kingfisher, for appellees.

*OPINION*

BAILEY, Presiding Judge:

Appellants Paul R. Gray, Eric S. Gray
and Randy, Inc. (individually by name or
collectively Appellants) seek review of the
Trial Court's order granting summary
judgment to Appellees Clyde Eugene
Crosswhite and Violet M. Crosswhite, Hus-
band and Wife (Crosswhite or Appellees) in
Appellees' quiet title action. In this ap-
peal, Appellants allege error of law by the
Trial Court in construction of a deed re-
serving a term mineral estate.

In 1968, Defendants Korstjens conveyed
certain real property to Defendant McCully
by Warranty Deed. Following the descrip-
tion of the property, the deed provided:

Mineral rights, including all mineral roy-
alties, to remain with Robert A. Kor-
stjens for a period of twenty (20) years.
At expiration of twenty years, minerals
to revert to holder of surface [sic] inter-
est.

In 1981, McCully conveyed the same
property to Appellees' predecessor in inter-
est, the Bennetts, by Warranty Deed "re-
serving and excepting unto Glen Eli McCul-
ly, his heirs, executors, administrators and
assigns, all of the oil, gas, and other miner-
als in and under the surface of said land."
In 1987, the Bennetts conveyed the proper-
ty to Appellees by Warranty Deed without
reference to any mineral estate.

In March 1988, McCully conveyed to Ap-
pellant Randy, Inc. "100% of [his] interest
in and to all oil, gas and other minerals in
and under and that may be produced" from
the property by Mineral Deed. In July

1988, Randy, Inc. conveyed to Paul and Eric an undivided one-third (⅓) of the mineral interest each.

In February 1991, Appellees commenced the instant quiet title action claiming ownership of the entire mineral estate under the 1968 grant from the Korstjens to McCully as "holders of the surface interest" at expiration of Korstjens' twenty year term mineral interest.[1] Appellants answered claiming ownership of the mineral interest by virtue of McCully's conveyance of "100% or the oil, gas and other minerals" to Randy.

Both parties subsequently moved for summary judgment based on the various conveyances. After consideration of briefs, the Trial Court granted summary judgment quieting title to the mineral estate in Appellees.

In this appeal from that order, Appellants argue in essence that Korstjens deed to McCully reserved only a term mineral interest and conveyed a valid reversionary interest covering the entire mineral estate to McCully, which McCully subsequently and validly conveyed to Randy. Appellees respond, arguing the plain and unambiguous terms of the Korstjens–McCully conveyance reserved to Korstjens "full title" to the mineral estate for the twenty year term, at the expiration of which the mineral interest passed to whoever owned the surface estate, in this case, Appellees.

The chain of title to the subject property stands unchallenged, both parties claiming rights under a single root conveyance from the Korstjens to McCully. In that regard, we find the plain wording of the Korstjens–McCully deed reserves *only* a term inter-

est, and expresses no clear intention of Korstjens to retain the reversionary interest in the mineral estate.[2] The specific language of the deed provides that the "minerals ... *revert* to the holder of the surface estate," in our opinion under the cited authority conveying the reversionary interest in the minerals to the holder of the surface estate, that being McCully under the Korstjens deed.[3] Further, McCully's deed to Bennetts (Appellees predecessors in interest), the only ground on which Appellees may claim ownership, specifically "reserves and excepts" any mineral interest from operation of the conveyance, and Appellees may not claim title in derogation thereof.[4] We therefore hold the Trial Court erred in granting summary judgment to Appellees and denying summary judgment to Appellants.

The order of the Trial Court is therefore REVERSED and the cause REMANDED for further proceedings not inconsistent with this opinion, to include consideration of Appellants' prayer for attorney fees and costs.[5]

HANSEN, C.J., and HUNTER, J., concur.

1. The Korstjens entered an appearance and disclaimed any interest in the property.

2. *See,* 16 O.S.1991 § 29; *Palmer v. Campbell,* 333 P.2d 957, 959 (Okl.1959); *Schnelle v. McClure,* 330 P.2d 598, 599 (Okl.1958); *Whitman v. Harrison,* 327 P.2d 680, 682–683 (Okl. 1958). *See also, Sharp v. Gayler,* 737 P.2d 120, 122 (Okl.App.1987) (incidence of ownership of mineral interest includes possibility of reverter, which may be separately conveyed).

3. *Palmer,* 333 P.2d at 959; *Schnelle,* 330 P.2d at 599; *Whitman,* 327 P.2d at 683.

4. *See, e.g., Skelly Oil Co. v. Butner,* 201 Okl. 372, 205 P.2d 1153 (1949) (doctrine of estoppel by deed precludes a party/privies to a deed from asserting as against other party/privies to the deed any right or title in derogation of the deed). *See also, Lucas v. Cowan,* 357 P.2d 976 (Okl.1960) (doctrine of estoppel by deed applies not only to direct parties to deed, but also to those who succeed the rights and duties of the parties).

5. *See, i.e.,* 12 O.S.1991 § 1141.