CITIZENS STATE BANK OF HUGO, Oklahoma, Plaintiff in Error,

v.

Walter HALL as receiver of Bob McDougal Insurance Agency, Inc., Harry E. Rainbolt and Dale V. Dalton, Defendants in Error.

No. 40698.

Supreme Court of Oklahoma.

March 29, 1966.

Rehearing Denied April 26, 1966.

Lon Kile, Hugo, for plaintiff in error.

Hal Welch, Hugo, for defendants in error.

IRWIN, Justice.

After a receiver had been appointed to take possession of the assets of a depositor of the Citizens State Bank of Hugo, and other court proceedings were had, the bank appropriated certain funds which were on deposit to pay a note which the depositor owed the bank. The bank in appropriating said funds was allegedly exercising its rights under the "banker's lien" statute, Title 42 O.S.1961, Sec. 32, which provides:

"A banker has a general lien, dependent on possession, upon all property in his hands belonging to a customer, for the balance due to him from such customer in the course of the business."

Thereafter, the receiver filed an application to require the bank to restore the funds. The trial court entered a judgment in favor of the receiver and the bank has appealed from the order overruling its motion for a new trial.

### FACTS

On June 6, 1961, the Bob McDougal Insurance Agency, Inc., executed and delivered its promissory note for $1,775.00 to the Citizens State Bank of Hugo, hereinafter referred to as Bank, payable on August 2, 1961. On July 3, 1961, Walter Hall was duly appointed by the court as receiver for said agency. After the receiver was appointed, an account or deposit of the insurance agency with Bank was transferred to the account of Receiver.

On November 1, 1961, Bank filed its claim with Receiver for payment of said note. On March 2, 1962, Bank filed its Application Determining Priority of Claim and prayed for an order determining priority of the claim. On June 22, 1962, Bank filed an answer and cross-petition in said cause wherein it alleged that said note had been submitted to an attorney for collection and requested the court, through its receiver, to marshal the assets of the insurance agency in the hands of the court; fix and determine the preferential rights, if any, of the creditors having an interest in said cause; and determine the rights of priority of the creditors. Bank styled itself as a creditor.

These matters were submitted to the trial court and on August 9, 1962, judgment was rendered wherein it was held that the claim of Bank, based on the note executed by the insurance agency on June 6, 1961, was not entitled to priority, and that the same constituted only a claim as a general creditor against the receiver and that Bank was entitled to receive only a pro-rata payment on the note, with other general creditors. No appeal was lodged from the trial court's judgment entered

on August 9, 1962, and that judgment became final.

On August 29, 1962, Bank appropriated the sum of $2,141.35 from the Receiver's accounts to pay said note which sum consisted of principal, interest and attorney fees. On March 18, 1963, Receiver filed an Application to Require Restoration of Funds.

Judgment was rendered in favor of Receiver and Bank was ordered to restore the funds which it appropriated. Bank lodged this appeal after its motion for a new trial had been overruled.

## CONTENTIONS

Receiver contends that the trial court's judgment of August 9, 1962, judicially established that Bank was not entitled to priority or preference on said note and determined that Bank was only a general creditor; and since no appeal was lodged from the judgment of August 9, 1962, such judgment became final and is conclusive and the same precluded Bank from thereafter asserting a "banker's lien" against the deposit of Receiver to pay said note.

Bank contends that a "banker's lien" is not lost when its depositor becomes insolvent and depositor's assets placed in receivership; and that its appropriation of Receiver's funds on deposit with it was a proper exercise of its "banker's lien" under the banker's lien statute, supra.

Bank further contends that its pleadings preceding the judgment of August 9, 1962, which Receiver contends is conclusive on Bank, made no reference to the "banker's lien" given it under Sec. 32, supra, and that such was not placed in issue or adjudicated by the trial court's judgment entered August 9, 1962. To sustain its argument that such judgment is not conclusive, Bank cites cases sustaining the general proposition that the conclusiveness of a judgment extends only to questions directly in issue and not to incidental questions or collateral matters, although they may have arisen and been passed upon.

## CONCLUSIONS

In Ward v. Ayres, Okl., 376 P.2d 579, we held:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject matter, not only as to all the matters litigated and determined in the former action, but also as to all matters germane to issues which could or might have been litigated therein."

See also Powell v. Chastain, Okl., 359 P.2d 336; and Pruitt v. Hammers, Okl., 292 P.2d 157.

We will now examine the proceedings prior to the judgment of August 9, 1962, and the judgment entered on that date.

Receiver was appointed on July 3, 1961, and shortly thereafter the funds on deposit with Bank in the account of the insurance agency were transferred to the account of Receiver. Approximately seven months after the note in question became due and payable, Bank filed an application in the trial court to determine the priority of its claim as against other claims. Thereafter, it filed an answer and cross petition and requested that the court, through its receiver, marshal the assets; fix and determine the preferential rights, if any, of the creditors having an interest therein, and determine the rights of priority of the creditors.

Without question, the above pleadings place squarely in issue the question as to whether Bank did or did not have a preferential claim or priority to the assets in the hands of the receiver.

On August 9, 1962, the trial court determined that Bank's claim was not a preferred claim and was not entitled to priority in payment, but was entitled to only a pro-rata payment as a general creditor.

In Renegar v. Staples, Okl., 388 P.2d 867, we held that in a case of equitable

cognizance, a general judgment of the trial court carries with it a finding of all the facts necessary to support it. Although the judgment entered on August 9, 1962, did not specifically find that Bank did not have a "banker's lien" against the fund, that judgment necessarily carried with it a finding that Bank did not have a lien against the fund.

 Whether the trial court's judgment of August 9, 1962, was erroneous in adjudicating that Bank was only a general creditor and its claim was not entitled to priority in payment is not an issue in this appeal. This is for the reason that the finality of a judicial decision depends upon the jurisdiction of the court and the existence of the power to make the decision rather than the correctness of the decision rendered. See Cherry v. Godard, 179 Okl. 158, 64 P.2d 315; and Woodrow v. Ewing, Okl., 263 P.2d 167. Bank does not argue that the trial court did not have jurisdiction to determine the priority of claim in the proceedings in which the judgment was rendered.

We can only conclude that since the judgment of the trial court entered on August 9, 1962, carried with it a finding that Bank did not have a lien against the fund in question and since said judgment has become final, such judgment is conclusive against Bank.

Since the judgment of August 9, 1962, is conclusive against Bank, it is unnecessary to consider or determine Bank's contention that a "banker's lien" is not lost when its depositor becomes insolvent and depositor's assets placed in receivership.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACK-BIRD, BERRY and LAVENDER, JJ., concur.