James L. WATTERS, Plaintiff,

v.

H.D. HALL, D.D.S.; Walt Knorpp d/b/a/ Knorpp Insurance Agency, Inc.; Assurances Generales de France I.A.R.T.; Bishopsgate Insurance PLC; Guy W. Watters; Bob E. Bennett; and Weldon Stout, Defendants.

Civ. A. No. 89–B–415.

United States District Court, D. Colorado.

June 22, 1990.

**798**

James L. Watters, Cheraw, Colo., plaintiff pro se.

Douglas Manley, La Junta, Colo., for defendants Hall and Watters.

David W. Crockenberg and Patrick Garcia, Petersen & Fonda, P.C., Pueblo, Colo., for defendants Walt Knorpp dba, Assurances, Bishopsgate Knorpp Ins. Agency, Inc.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me are two motions for summary judgment; the first filed by defendants Walt Knorpp d/b/a/ Knorpp Insurance Agency, Inc., Assurances Generales de France I.A.R.T., and Bishopsgate Insurance PLC (insurance companies) and the second filed by defendants H.D. Hall (Hall) and Guy W. Watters (Guy). The motions have been briefed adequately and oral argument would not assist me in resolving the issues. Because this action by James L. Watters (James) is barred by claim and issue preclusion, I grant the motion. Moreover, service was never made on defendants Bob E. Bennett or Weldon Stout. On June 5, 1990 I entered an order that James show cause why the action as to those defendants should not be dismissed for failure to prosecute. He has filed no timely response to this order. Thus the action

against these defendants will be dismissed for failure to prosecute.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Whether James' claims are precluded by previous judgments is a question of law. *See McDonald v. Hillsborough County School Bd.,* 821 F.2d 1563, 1564 (11th Cir.1987) ("district court's determination regarding the availability of res judicata as a defense is a conclusion of law."); *see also Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 413 (9th Cir.1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985).

The following events leading to this action are undisputed. This action stems from the purchase and death of the horse, Fol's Native. Under a sales agreement, Hall purchased an undivided one-third interest in Fol's Native, from James for $300,000. Hall executed a promissory note to James which provided for three payments of $100,000. Hall also purchased a mortality insurance policy covering the horse through defendant Knorpp Insurance Agency, Inc., issued by defendants Assurances Generales de France I.A.R.T. and Bishopsgate PLC insurance companies. The policy named Hall as the insured and James as the loss-payee. The horse died during the term of the policy.

As a result of Fol's Native's death, multiple lawsuits were filed. The defendants have submitted copies of the complaints, motions, orders and judgments for many of these suits. They have also directed me to other courts' records not provided with their motions for summary judgment, of which I take judicial notice pursuant to Fed.R.Evid. 201. *See St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.,* 605 F.2d 1169, 1171–72 (10th Cir. 1979). I briefly outline the tortuous histo-

ry of this case, as other judges have done tirelessly before.

In April, 1986, Guy instituted an action in the District Court for the County of Otero, Colorado naming James and Hall as defendants. 85–CV–124 (first Colorado state action). Guy claimed an interest in the amount due James on the promissory note based on a previous partnership agreement between Guy and James. Guy obtained a judgment from that court and James appealed. The Colorado Court of Appeals affirmed, 86–CA–1747, and denied rehearing. The Colorado Supreme Court denied certiorari, 88–SC–452.

In November, 1986, Guy brought an action in Pontotoc, Oklahoma state court against James to enforce the judgment issued in the first Colorado state action. C–86–544 (Oklahoma state action). The Oklahoma state court enforced the judgment and awarded Guy attorney fees.

In April, 1987, before the insurance proceeds were paid to James, Hall brought an interpleader action in the United States District Court for the Eastern District of Oklahoma. 87–164–C (Oklahoma federal action). Hall contended that the proceeds due James were limited to the amount remaining unpaid on the promissory note. Any excess, Hall claimed, was to go to him.

Hall claimed that as a result of the first Colorado state action, he could not determine to whom he should pay the amount due on the promissory note without great risk. The judge agreed and ordered the insurance companies to pay the insurance proceeds into the court registry and ordered Hall, Guy and James to interplead their respective claims. The order also discharged the insurance companies from further liability with regard to the insurance policy. The court agreed with Hall that James was named in the policy as loss-payee only for the unpaid balance due on the promissory note. Finally, the court found that Guy was entitled to the proceeds in the amount of the debt owed him by James. James' appeal to the Tenth Circuit, No. 88–2121 (Feb. 16, 1989), was dismissed as untimely and his request for a rehearing was denied.

In November, 1987, James filed an action against Guy in the District Court for County of Otero, Colorado alleging fraud in the first Colorado state action, breach of the insurance policy and interference with contract. 87–CV–147 (second Colorado state action). In March, 1988, Guy's motion for summary judgment was granted on the grounds of res judicata. Guy was awarded attorney fees. James took no appeal.

Then, in May, 1988, James filed another complaint in the District Court for the County of Otero, Colorado against several defendants including Guy and the judge who presided over the first Colorado state action. 87–CV–62 (third Colorado state action). James alleged interference with contract and fraud, and claimed that the judgment issued in the first Colorado state action was unconstitutional. Once again, judgment entered against James. Attorney fees were awarded to defendants. James apparently appealed, but the record does not show that the appeal was perfected.

In September, 1988, James filed an amended complaint in the District Court for Pueblo County, Colorado naming the insurance companies as defendants. 88–CV–786 (fourth Colorado state action). The action stated claims based on the insurance policy. That court granted the insurance companies' motions for summary judgment based on collateral estoppel and res judicata and awarded attorney's fees.

In February, 1989, James brought yet another action, this time in the U.S. District Court for the District of Colorado. 89–F–229 (Colorado federal action). The complaint named several defendants, including Guy. Essentially, James alleged that his constitutional rights were violated because of a conspiracy among the defendants to bring about a fraudulent result in the various Colorado state court proceedings. Judge Finesilver granted motions to dismiss and for summary judgment on claim preclusion grounds. Judge Finesilver awarded defendants attorneys fees as well.

Now James is before me again asserting claims based on the sale and death of Fol's Native. The essence of James' complaint

is that he is entitled to all the insurance proceeds. Defendants contend that the claims before me are barred by claim preclusion. I agree.

Defendants argue that the judgments from the federal, Oklahoma and Colorado state courts preclude James' claims in this action. Because Colorado, Oklahoma and federal courts may afford their judgments different preclusive effects, I first identify the claim and issue preclusion law of the relevant jurisdictions.

The Tenth Circuit recently summarized federal claim preclusion doctrine in *May v. Parker–Abbott Transfer and Storage, Inc.*, 899 F.2d 1007, 1009 (10th Cir.1990):

> Res judicata is " 'a rule of fundamental and substantial justice' " that enforces the public policy that there be an *end* to litigation. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401–02 [101 S.Ct. 2424, 2429–30, 69 L.Ed.2d 103] (1981) (quoting *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299 [37 S.Ct. 506, 507, 61 L.Ed. 1148] (1917)). By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action. *See Montana v. United States*, 440 U.S. 147, 153–54 [99 S.Ct. 970, 973–74, 59 L.Ed.2d 210] (1979).
>
> Under the doctrine of res judicata or claim preclusion, "a final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 [101 S.Ct. 411, 414, 66 L.Ed.2d 308] (1980).

(emphasis and omissions in original).

In determining what actions are precluded by a prior judgment, the Tenth Circuit has adopted the transactional approach articulated in the *Restatement (Second) of Judgments*, § 24 (1982). *May*, 899 F.2d at 1009. Section 24 provides:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (*see* §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual groupings constitute a "transaction," and what grouping constitutes a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*See Lowell Staats Mining Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir.1989); *Petromanagement Corp. v. Acme–Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir.1988).

The full-faith-and-credit clause, U.S. Const. art. IV, § 1, and 28 U.S.C. § 1738 (1976), requires that I give state court judgments the same preclusive effect as would the courts of the forum state. *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). I thus look to Colorado law in determining what preclusive effect to give state court judgments issuing from Colorado and Oklahoma. *Carter v. City of Emporia*, 815 F.2d 617, 619 (10th Cir.1987) (applying Colorado law); *Jarrett v. Gramling*, 841 F.2d 354, 356–59 (10th Cir.1988) (applying Oklahoma law).

Under Colorado and Oklahoma claim preclusion law, an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim. It bars relitigation of all claims actually presented and all claims that could have been presented. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396, 399 (1974); *Manka v. Martin*, 200 Colo. 260, 614 P.2d 875 (1980), *cert. denied*, 450 U.S. 913, 101 S.Ct. 1354, 67 L.Ed.2d 338 (1981); *Citizens State Bank v. Hall*, 413 P.2d 513, 515 (Okla.1966); *McDowell v. Austin*, 699 P.2d 1100, 1102 (Okla. 1985).

Applicability of the doctrine depends on whether there is, in both the previous and subsequent actions, identity of the cause of action, identity of subject mat-

ter, identity of parties, and identity of capacity in the persons for whom or against whom the claim is made.

*Miller v. Lunnon,* 703 P.2d 640, 643 (Colo. App.1985); *Epperson v. Halliburton Co.,* 434 P.2d 877, 879 (Okla.1967) (similar language); *see State Eng. v. Smith Cattle, Inc.,* 780 P.2d 546, 549 (Colo.1989). To have preclusive effect under Colorado and Oklahoma law, a judgment must also be issued by a court with subject matter jurisdiction, *State Eng.,* 780 P.2d at 549 (Colorado law); *Citizens State Bank,* 413 P.2d at 515 (Oklahoma law).

It is clear from the complaint and summary judgment pleadings and affidavits that the previous actions dealt with the same transaction upon which James' complaint is founded. James has not disputed this.

In his first cause of action, James seeks a declaratory judgment that (1) the horse sales agreement, promissory note and insurance policy are valid and enforceable, (2) 28 U.S.C. § 1335 (interpleader) was applied in an unconstitutional manner in the Oklahoma federal action, (3) the orders and judgments rendered in the Oklahoma federal action are invalid and (4) he is entitled to damages for constitutional deprivations he has suffered.

James does not dispute that the prior cases addressed these claims. Rather, he asserts only that the Oklahoma court was without subject matter jurisdiction. "Defendants are attempting to use litigations of matters which are irrelevant and inapplicable to the issues of this matter, as Plaintiff has never never [sic] litigated the issues of this matter, before a court of competent jurisdiction, pursuant to the Constitution of the United States, and the laws there under [sic]." Response at 2.

■ The only rationale James provides for his assertion that the Oklahoma court lacked jurisdiction is that Hall brought the interpleader action, yet did not deposit any funds with the court registry. However, this hypertechnical reading of § 1335 is unpersuasive. *See* Wright & Miller § 1716 at 602–03. Furthermore, although Hall brought the interpleader action and was

technically the "plaintiff," the funds in dispute were actually held by the insurance companies. The insurance companies did deposit the funds in the registry and the court ordered the other parties to litigate their claims to those funds. Essentially, the Oklahoma federal court realigned the parties so that the insurance companies were the plaintiffs seeking interpleader. *See New Mexico v. Molybdenum Corp.,* 570 F.2d 1364, 1366 (10th Cir.1978). There is no basis to conclude that any of the orders or judgments of the Oklahoma court are void. They are binding on James and he may not relitigate those claims now.

■ Additionally, James' claims against the insurance companies were or could have been addressed in the fourth Colorado state action. There, the state court granted the insurance companies' motion for summary judgment on the grounds that James' claims were barred by issue and claim preclusion. Thus, if I were to declare void the actions of the federal court in Oklahoma, I would also be reviewing the decision of the Colorado state court. A federal district court may not review the decisions of a state court even if claimant alleges that the state court decisions are unconstitutional. *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir.1986).

James' claims, and the subject matter upon which they are based, are indistinguishable from those asserted in the fourth Colorado action. The parties here were also the parties in that state action and plaintiffs' capacity remains unaltered. Further, there is no issue as to the Colorado court's jurisdiction in the fourth Colorado action. Nor does James claim that he was not afforded a full and fair opportunity to be heard. Consequently, James' claims for equitable relief are precluded by both the fourth Colorado state action and the original Oklahoma federal action.

James' fourth cause of action is against Walt Knorpp d/b/a/ Knorpp Insurance Agency. He contends that Knorpp breached the insurance contract, conspired to bring the Oklahoma federal action and abused the legal process. James seeks

monetary damages. His fifth claim incorporates his fourth claim, and asks for $5,000,000 in punitive damages against Knorpp. James' sixth claim is against Assurances Generales de France I.A.R.T. and Bishopsgate Insurance PLC and is virtually identical to his fourth cause of action. In his seventh cause of action, James seeks $10,000,000 in punitive damages. As were his claims for equitable relief, James' claims against the insurance companies arising from the Fol's Native policy are barred because these same claims were determined in the Fourth Colorado state action and the Oklahoma federal action.

James' second cause of action is asserted against Hall and Bennett. James alleges that Hall breached the sales agreement and caused the death of the horse through his negligence. James also alleges that, in a conspiracy with Bennett, Hall interfered with James' contractual relationship, presumably with regard to the insurance companies. He also claims that Hall and Bennett misrepresented facts to James. For this, James asks me to release the insurance proceeds currently held in the Oklahoma federal court registry and to award further damages. His third cause of action incorporates his second claim, and asks for $10,000,000 in punitive damages against Hall. His eighth claim for relief is against Guy for interference with contractual relations and fraud. James asks for $5,000,000 in punitive damages. These claims against Hall and Guy are also barred by the doctrine of claim preclusion. James has litigated each of these claims many times before. He has been denied relief on each of these claims in each case and has even been sanctioned.

A review of the pleadings, orders and judgments in the earlier cases demonstrates that there is nothing before me that was not determined on the merits in at least one of the previous actions. The negligence, breach of the purchase agreement, breach of the insurance policy, interference with contract, misrepresentation and conspiracy claims have all been addressed before. The Oklahoma state action, enforcing the judgment issued in the first Colorado state action, the Oklahoma federal action, the second and third Colorado state actions and the Colorado federal action each could have addressed or did address these claims. Not only has James been heard on all of his claims before but, indeed, he has even been heard on whether they are barred by claim or issue preclusion. Thus, in this exercise of recursion, even his claim that his claims are not are precluded is precluded.

Furthermore, even if there was something fresh in this case, there is no indication that it could not have been presented in one of the prior federal or state actions. Consequently, the claim would still be barred under federal, Colorado or Oklahoma claim preclusion law. *See May*, 899 F.2d at 1009; *Miller v. Lunnon*, 703 P.2d 640, 643–44 (Colo.App.1985); *Citizens State Bank v. Hall*, 413 P.2d 513, 515 (Okla.1966).

James' ninth and tenth claims are against Bob E. Bennett and Weldon Stout. These claims will be dismissed for failure to diligently prosecute.

■ James is perilously close to, and may be, committing an abuse of the court system. He has been personally put on notice by many courts that the judicial system will not and cannot endure frivolous attempts to relitigate issues and claims. His unbridled attempts to beat this dead horse, in utter disregard of prior judgments, has provoked strong language from other judges. For example, Judge Finesilver found that the complaint before him was "a frivolous, groundless, and vexatious reassertion of claims previously litigated in state court. The fact that plaintiff appears *pro se* does not immunize him from appropriate sanction, especially when each of his claims and theories have been previously reviewed and rejected by courts of competent jurisdiction." (citations omitted). *Watters v. Watters*, No. 89–F–229, slip op. at 14 (D.Colo. June 12, 1989).

The complaint before me is nothing but a transparent and unmistakable rehash of claims previously litigated in courts of competent jurisdiction. Whatever his motive, by bringing such actions, James continues

to test the boundaries of the liberal standards applicable to *pro se* litigants.

His request for sanctions against the defendants is also frivolous. It is apparent that the defendants have had to suffer yet another redundant legal battle. They have filed well-founded motions to dispose expeditiously of this action, saving the parties' and Court's time and resources. There is simply nothing in the file to justify James' request for sanctions against any of the defendants. To the contrary, James' actions in this suit warrant Rule 11 sanctions in favor of defendants. Therefore, I grant the defendants' request for attorney's fees and costs.

Accordingly, IT IS ORDERED that

(1) The summary judgment motion of Walt Knorpp d/b/a/ Knorpp Insurance Agency, Inc., Assurances Generales de France I.A.R.T., and Bishopsgate Insurance PLC is GRANTED and the complaint against them is dismissed.

(2) The summary judgment motion of H.D. Hall and Guy W. Watters is GRANTED, and the complaint against them dismissed.

(3) The complaint against Bennett and Stout is dismissed.

(4) James Watters is to bear the reasonable costs and attorneys fees of Walt Knorpp d/b/a/ Knorpp Insurance Agency, Inc., Assurances Generales de France I.A.R.T., Bishopsgate Insurance PLC, H.D. Hall and Guy W. Watters. Those defendants are directed to file a Bill of Fees and Costs with the Clerk of the Court within ten days after this Order is issued. James Watters will then have ten days to respond.

The Clerk of the Court is directed to enter appropriate judgment in accordance with this Order.